**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARCOS CHALA,

    Petitioner,

vs.

AWO BACA, et al.,

    Respondents.

Case No. 2:09-CV-01511-PMP-(GWF)

**ORDER**

    Before the court is the civil rights complaint pursuant to 42 U.S.C. § 1983.  The court has reviewed it, and the court finds that this action must be dismissed.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1   Plaintiff presents three counts for relief.  Count 1 actually contains all of the issues
2 that he presents, and counts 2 and 3 each elaborate on one of those issues.
3   First, plaintiff alleges that defendant Vare has accused him of selling pallets to truck
4 drivers and of stealing his boss's identity, and that defendant Vare kept him in administrative
5 segregation.  In count 3, plaintiff alleges that defendant Baca has designated him as a gang member
6 and has kept him in administrative segregation.  In both counts, plaintiff alleges that defendants
7 Vare and Baca have so acted because plaintiff refuses to cooperate in the investigation of a
8 corrections lieutenant accused of wrongdoing.  As a result, the defendants facilitated the denial of
9 parole.  A decision on these claims in plaintiff's favor would necessarily imply the invalidity of the
10 parole decision.  Plaintiff must first have that parole decision reversed through habeas corpus or
11 other means before he can raise the issue in a civil rights action pursuant to 42 U.S.C. § 1983.  See
12 Edwards v. Balisok, 520 U.S. 641, 648 (1997); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir.
13 1997).
14   Second, and in count 2, plaintiff alleges that defendant Henson denied all of the
15 grievances that plaintiff filed.  Plaintiff does not have a federal constitutional right to an effective
16 grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order).
17   Third, to the extent that plaintiff's claims regarding placement in administrative
18 segregation are separate from his claims regarding the denial of his parole, he does not have a
19 liberty interest in remaining free from administrative segregation.  May v. Baldwin, 109 F.3d 557,
20 565 (9th Cir. 1997).
21   Amendment of the complaint could not cure these defects, and the court will dismiss
22 the action.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    IT IS THEREFORE ORDERED that the clerk of the court file the complaint.

2    IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a
3 claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

4    DATED: June 10, 2010.

```
                                          _____
                                          PHILIP M. PRO
                                          United States District Judge
```